MICHEL, Chief Judge,
dissenting.
I am troubled by the ease with which the majority casts off. well-established principles of statutory construction to imply from silence a waiver of sovereign immunity as to interest on refunds of estimated Customs duties where the relevant statute, section 1408 of the Tariff Suspension and Trade Act of 2000 (“Act”), provides for none. Because I believe that the Court of International Trade correctly determined that Orlando is not entitled to interest on its reliquidated entries, I respectfully dissent.
To rationalize the Act’s other provisions pertaining to liquidation or reliquidation of certain entries of goods that expressly direct Customs to refund moneys owed with interest, the majority finds the presumption against redundant constructions rebutted and the application of expressio unius unhelpful. The majority discounts the canons of statutory constructions far too lightly. First, the majority overlooks that section 1408 of the Act begins with the words “[njotwithstanding section 514 of the Tariff Act of 1930 or any other provision of law ...,” suggesting a Congressional intent that the provisions of section 1408 supersede- all other inconsistent parts of the statutory scheme. See Cisneros v. Alpine Ridge Group, 508 U.S. 10, 18, 113 S.Ct. 1898, 123 L.Ed.2d 572 (1993) (“As we have noted previously in construing statutes, the use of such a ‘notwith *1326 standing’ clause clearly signals the drafter’s intention that the provisions of the ‘notwithstanding’ section override conflicting provisions of any other section.”) (citing Shomberg v. United States, 348 U.S. 540, 547-48, 75 S.Ct. 509, 99 L.Ed. 624 (1955)). The applicability of § 1505 should thus not be so lightly inferred. Second, the majority’s conviction that the interest afforded in § 1505(b), the general provision regarding refunds of moneys upon liquidation or reliquidation, prevails over the silence regarding interest in section 1408(c) undercuts yet another bedrock principle of statutory construction, that the more specific statute trumps the more general. See, e.g., Bulova Watch Co. v. United States, 365 U.S. 753, 758, 81 S.Ct. 864, 6 L.Ed.2d 72 (1961). Here, section 1408, enacted in 2000 for the specific purpose of liquidating or reliquidating certain of Orlando’s tomato sauce entries and setting forth a mechanism for the repayment of “[a]ny amounts owed by the United States pursuant to the liquidation or reli-quidation,” yet saying nothing regarding interest on such amounts must control the more generic interest provisions of § 1505(b), introduced by amendment in 1993.
Finally, while the legislative history of the Act is scant at best, this much is clear. The original bill did not contain what is now section 1408. See H.R. 4868, 106th Cong., 2d Sess. (2000) (as introduced on July 18, 2000). It did, however, include several other provisions regarding liquidation and reliquidation of certain classes of entries, such as telephone systems (section 1401), color television receivers (section 1402), or copper and brass sheet and strip (section 1403). Sections 1401 and 1403 expressly provided for interest on any amounts owed by the United States, while section 1402 did not. Section 1408, along with sections 1409, 1410, and 1411, also pertaining to liquidations or reliquidation of tomato sauce preparation entries, were added to the bill in the Senate by the Finance Committee. See H.R. 4868, 106th Cong., 2d Sess. (2000) (as reported to the Senate on September 27, 2000). The bill was officially amended on October 13, 2000 to reflect these and other changes. See H.R. 4868, 106th Cong., 2d Sess. (2000) (text to Senate amendment). From its inception, section 1408 did not contain language about interest. Neither did sections 1409 through 1411, all dealing with tomato sauce preparations. The new section 1412 added by the Finance Committee, pertaining to liquidation or reliquidation of neoprene synchronous timing belt entries, however, did. In view of the fact that these provisions — some containing express language regarding interest on amounts owed — were added at the same time, by the very same Senate committee, to the same Act, I decline to regard the differences in their language as coincidental or insignificant. I am equally loath to pronounce the express language providing for interest in some sections of the bill mere surplusage and the absence of such language in section 1408 an implied waiver of sovereign immunity.